PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

**FILED**

January 27, 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

lad

DEPUTY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE ___WESTERN___ DISTRICT OF TEXAS

### ___Coryell___ DIVISION

## PETITION FOR A WRIT OF HABEAS CORPUS BY
## A PERSON IN STATE CUSTODY

___Mark Lybe Bell___
**PETITIONER**
(Full name of Petitioner)

___Barry Telford Unit — TDCJ-ID___
**CURRENT PLACE OF CONFINEMENT**

vs.

___1784439___
**PRISONER ID NUMBER**

**6:22-cv-00101**

___Bobby Lumpkin — Director TDCJ-ID___
**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

**CASE NUMBER**
(Supplied by the District Court Clerk)

### INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.  Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.  Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.  Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check all that apply)

| | | |
|---|---|---|
| ☐ | A judgment of conviction or sentence, probation or deferred-adjudication probation. | (Answer Questions 1-4, 5-12 & 20-25) |
| ☐ | A parole revocation proceeding. | (Answer Questions 1-4, 13-14 & 20-25) |
| ☒ | A disciplinary proceeding. | (Answer Questions 1-4, 15-19 & 20-25) |
| ☐ | Other:_____ | (Answer Questions 1-4, 10-11 & 20-25) |

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.  Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

The 401ˢᵗ District Court, Collin County, Texas

2.  Date of judgment of conviction: 1. 7-19-2011 ; 2. 7-19-2011 ; and 3. 7-19-2011

3.  Length of sentence: Life Sentence and Life without parole and Hendering Apprehension

4.  Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: not challenging any criminal conviction, just only a disciplinary Infraction

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.    What was your plea? (Check one)    ☐ Not Guilty    ☐ Guilty    ☐ Nolo Contendere

6.    Kind of trial: (Check one)    ☐ Jury        ☐ Judge Only

7.    Did you testify at trial?    ☐ Yes    ☐ No

8.    Did you appeal the judgment of conviction?    ☐ Yes    ☐ No

9.    If you did appeal, in what appellate court did you file your direct appeal? _____

_____    Cause Number (if known): _____

What was the result of your direct appeal (affirmed, modified or reversed)? _____

What was the date of that decision? _____

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Grounds raised: _____

_____

Result: _____

Date of result: _____    Cause Number (if known): _____

If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

Result: _____

Date of result: _____

10.    Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal?  This includes any state applications for a writ of habeas corpus that you may have filed.    ☐ Yes    ☐ No

11.    If your answer to 10 is "Yes," give the following information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.   Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?      ☐ Yes      ☐ No

(a)   If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

(b)   Give the date and length of the sentence to be served in the future: _____

_____

(c)     Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?      ☐ Yes    ☐ No

## Parole Revocation:

13.    Date and location of your parole revocation: _____

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?      ☐ Yes    ☐ No

       If your answer is "Yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?
       ☐ Yes    ☒ No

16.    Are you eligible for release on mandatory supervision?      ☐ Yes    ☒ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
       Hughes Unit _____

       Disciplinary case number:  20210124446 _____

       What was the nature of the disciplinary charge against you?  Code 04.0 _____

18.    Date you were found guilty of the disciplinary violation:  3-4-21 _____

       Did you lose previously earned good-time days?      ☒ Yes    ☐ No

       If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:

       _____

       Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
       RECREATION DAYS 30 ; COMMISSARY DAYS 30; CELL RESTR DAYS 30; REDUC. CLASS

       FROM S3 TO S4 _____

       _____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
       ☒ Yes    ☐ No

       If your answer to Question 19 is "Yes," answer the following:

       Step 1 Result: Preponderance of evidence to support a guilty finding _____

Date of Result: July 5, 2021

Step 2 Result: There was sufficient evidence to present to substain 04.0 charge

Date of Result: Sept 25, 2021

**All petitioners must answer the remaining questions:**

20.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A.    **GROUND ONE:** Insufficient of Evidence to support any rule violation of Code 04.0

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I was fasily accussed of making a threat thru a letter that I was mailing out. Ms. Perten. A has retaliate against me, cause I utilized the grievance mechanism to filed against her cause denying photos that I was entitle to have. Even the disciplinary infraction doesn't meet any rule violation that was fasily impose upon me.

B.    **GROUND TWO:** Retaliation against me and falsify filed faberitated Disciplinary Infraction to get even and abusive her authority

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The mail room employee filed on falsify faberitated Disciplinary Infraction against me, claiming I threaten her. She proceed to retaliate against me cause I utilized the mechanism of grievance cause of photos.

C.    **GROUND THREE:** _____

_____

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____     _____

_____

D.    **GROUND FOUR:** _____

_____

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

21.    Relief sought in this petition: _____

_____

_____

_____

_____

_____

_____

_____

22.    Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?    ☐ Yes    ☒ No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?    ☐ Yes    ☒ No

23.    Are any of the grounds listed in question 20 above presented for the first time in this petition?
☒ Yes    ☐ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

Both grounds, cause this here is the first time I'm challenge my discip-
linary Infraction

_____

24.    Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)    At preliminary hearing: _____

(b)    At arraignment and plea: _____

(c)    At trial: _____

(d)    At sentencing: _____

(e)    On appeal: _____

(f)    In any post-conviction proceeding: _____

(g)     On appeal from any ruling against you in a post-conviction proceeding: _____

_____

## **Timeliness of Petition:**

26.     If your judgment of conviction, parole revocation or disciplinary proceeding became final over
        one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
        2244(d) does not bar your petition.[1]

The statue of limitation has not effectively effed me yet
_____

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

    (1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

        (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_Jan. 22th 2022_____ (month, day, year).

Executed (signed) on _Jan 22ND, 2022,_ (date).

_Mark Lyle Bell_____

Signature of Petitioner (required).

Petitioner's current address: Barry Telford Unit, 3899 State Hwy 98, New Boston, Tex 75570 (Bowie County)

IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEX

Mark Lynn Bell
   Petitioner -- pro-se

vs.

Bobby Lumpkin - Director TDCJ-ID
   Respondent

Cause No: _____
Memorandum In Support of
Bell's 28 U.S.C § 2254 included am
Evidentary Hearing)

## Memorandum In Support of Bell's 28 U.S.C § 2254

To The Honorable Judge of said Court

Comes now <u>Mark Lynn Bell</u> as petitioner am pro-se brings this <u>Memorandum In Support</u> his Writ of Habeas Corpus 28 U.S.C § 2254 am prisoner in state custody at the time of said allegation was assigned to the Hughes Unit. This Memorandum consist of two elements. They are No Evidence in disciplinary Infraction see <u>Superintendent v. Hill</u> 472 U.S 445 @ 105 S.Ct 2768 @2774 (1985) and Retaliation of fabricated disciplinary Infraction see <u>Morris v. Powell</u> 449 F 3d 682, 684 (5th Cir 2xxx0) ( citing <u>Wood v. Smith</u> 60 F 3d 1161. 1164 (5th Cir 1995).

Thereforth petitioner has utilized the mechanism of the grievance to floormate the standard of being denied photos which there was no policy govern her action in conduct which she enhance her authority figure to promote illegal actions.

In the Case there no terminology of words that would promote, define or even address that I violated such rule of CODE 04.0[3]

## Jurisdiction I.

This Court hold jurisdiction upon this case pursuant to 28 U.S.C 2241 and 28 U.S.C § 2254.

## Summary of Case II.

As of 3-01-21 the petitioner was ticket of the offense of 04.0 it was address by Ms. Autumn D. Herfen Mail room Ass. Supervisor. The petitioner like

N 1. See attach disciplinary Infraction Exhibit 1
N 2. See Exhibit II definition of Code 04.0

# TDCJ DISCIPLINARY REPORT AND HEARING RECORD

CASE: 20210124446  TDCJ NO: 01784439  NAME: BELL, MARK LYLE  EA: B10

UNIT: AH  HSNG: 7G21  27.B  JOB: 1/S MEDICAL SQ 06A  IQ: 121
CLSS: S3  CUST: G3  PRIMARY LANGUAGE: ENGLISH  MHA RESTRICTIONS: NONE
GRDE: MA / LL  OFF. DATE: 03/01/21  02:38 PM  LOCATION: AH MISCELLANEOUS
TYPE: ID

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT AH MAILROOM, OFFENDER: BELL, MARK
LYLE, TDCJ-ID NO. 01784439, THREATENED TO INFLICT HARM ON MAILROOM STAFF IN
THAT SAID OFFENDER WROTE IN A LETTER THAT "THOSE WHO BELIEVE THEY HAVE POWER"
ARE "BLIND TO THOSE WITH 'REAL' POWER" TO "REMOVE THEM FROM LIFE ITSELF."

CHARGING OFFICER: GERFEN, A. ASSTI  SHIFT/CARD: 1 H

OFFENDER NOTIFICATION  IF APPLICABLE INTERPRETER,
TIME/DATE NOTIFIED: 3/3/21  1030am  BY: (PRINT) J Glover CSIII
YOU WILL APPEAR BEFORE  HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES, NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: X Mark Bell  DATE: 3-3-21
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: X  DATE: _____

## HEARING INFORMATION

HEARING DATE: 3/6/21  TIME: 3:27p  UNIT: PH  FOLDER A  FILE 41  DSFILE 2428
COUNSEL SUBSTITUTE AT HEARING:  FOLDER  FILE  DSFILE
EXPLAIN BELOW BY NUMBER: (1) IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART OF
HEARING, (2) IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7) IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
(SIGNATURE) _____

OFFENDER STATEMENT: I did't direct towards anybody I
brok it t itcheg I did'nt ...

OFFENSE CODES: 04.0
OFFENDER PLEA: (G, NG, NONE)  NG
FINDINGS: (G, NG, DS)  G
REDUCED TO MINOR (PRIOR TO DOCKET) ___ (DOCKET) ___ (HEARING) ___ BY: (INITIAL) ___
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A) ADMISSION OF GUILT, B) OFFICER'S REPORT, C) WITNESS TESTIMONY, D) OTHER.
EXPLAIN IN DETAIL: B) (A. Gerfen) C) (Jane Stephens)

## PUNISHMENT

LOSS OF PRIV (DAYS)  REPRIMAND................. ____
 *RECREATION (DAYS) 30  EXTRA DUTY (HOURS)....... ____  REMAIN LINE 3...... ____
 *COMMISSARY (DAYS) 30  CONT. VISIT SUSP. THRU __/__/__  REDUC. CLASS FROM S3 TO SC1
 *PROPERTY (DAYS).. ____  CELL RESTR (DAYS)........ 25  GOOD TIME LOST (DAYS). ____
 * OTS (DAYS)..____  SPECIAL CELL RESTR (DAYS). ____  DAMAGES/FORFEIT. $____.__
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED:
1st ma incidens  Attmpt bohavior detusr

CREDIT FOR PRE-HEARING DETENTION TIME? YES (DAYS) NA  NO / (NA)  8:40 (MINUTES)
DATE PLACED IN PRE-HEARING DETENTION: NA  HEARING LENGTH ____
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: Ofinder investmnts
H Bennett
HEARING OFFICER (PRINT)  WARDEN  REVIEWER SIGNATURE
(FORM I-47MA) CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.
(REV. 04-10) COMUNIQUESE CON SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA

EXHIBIT II

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

## DISCIPLINARY RULES AND
## PROCEDURES FOR OFFENDERS

Rule 04.0  THREATENING TO INFLICT HARM, PHYSICAL or OTHERWISE, on an OFFICER or any Person who is not an OFFENDER

Offender may/not be punished for threaten to take legal entitled action. such as filing a grievance in lawsuit.

to address the retaliation claim that promoted this fabricated disciplinary infraction that was forcely impose upon him. The petitioner was recieving photos from different companies. Ms. Gerten took the liberty to denied petitioner photos for no probable cause. The petitioner them took the oppurtunity to excise his [3] First Amendment to filed an grievance and mailed an letter out to some individuals about the misconduct and action that was employed for no justification. That when the disciplinary infraction was impose upon petitioner of alleging rule violation Code 04.0. The petitioner was found guilty of no evidence to support the rule violation. The petitioner has utilized his administrative remedies and still these was no prevail. Now the petitioner is seeking this Honorable Court will reverse his case of no evidence.

## Ground One
### Insufficient of evidence to support any rule violation of Code 04.0

Was these any evidence that would collabrate the word [4] threat that would project of any rule violation according to Code 04.0 Did the defendant meet the same evidence that is required by Hill.

The petitioner was penalized of an none rule violation that hasn't meet the criteria of 04.0. The United State Supreme Court in <u>Superintended v. Hill</u> 472 US @ 454, 105 S.Ct 2768 articulate that these be "some evidence". Even as the disciplinary infraction will reflect that these no worden that will discribe any threaten was ever employed. Even under their own [5] rule book it has never meet such elements of rule violation. Even under the [4] Fifth Circuit there has been nermous of cases that has petitioners habeas corpus has been reverse cause there was no evidence that the "some evidence", which required to support the finding.

Here the petitioner has employed his First Amendment which the defendant/

---

N3. in part abridging the freedom of speech See Morgan v. Quarterman 570 F2d 663 (5th Cir 2008) Citing Pell v. Procunier 417 US 817. 94 S.Ct 2800. 41 L.Ed2d 495 (1974); Meyer v. Grant 486 U.S 414 (1988).

N4. Threat.... See Exhibit III for definition thru Pen. Code and also other mechanism

N5. OFFICER DISCIPLINARY HANDBOOK 2019 p.29 articulate the same function as the GR-106

N6. Henson v. Bureau of Prison 213 F3d 897 (5th Cir 2000); Richards v. Dretke 394 F3d 291 (5th Cir 2004); Hudson v. Johnson 242 F3d 534 (5th Cir 200D; Broussard v. Johnson 253 F3d 874, 877 (5th Cir 200D; Teague v. Quarterman 482 F3d 796 (5th Cir 2007); Smith v. Rabalis 659 F2d 539. 545 (5th Cir 1981); All these cases applied the same mechanism and affirm the mandate of the U.S. Supreme Court of Superintedent v. Hill [4] the some evidence rule.

EXHIBIT III

# TEXAS PENAL CODE ANNS 36.06

Sec. 36.06 <u>Obstruction or Retaliation</u>

(a) A person commits an offense if the person intentionally or knowingly harm or threaten to harm another by an unlawful act

Interpreting the matter under Tex. Govt Code Ann 311.011 (a) a threat to define as a communicated intent to inflict harm or loss on another, therefore in the context of Tex. Pen. Code 36.06, a defendant threaten harm when defendant give signs or warning or otherwise communicates an intent to inflict, loss, disadvantage or injury.

Schmidt v. State No 07-04-0480-CR 2006 Tex. App. LEXIS 1915 (Tex. App. Amarillo. 2/2/06) pet granted No PD 0412-06, 2006 Tex. Crim. App. LEXIS 1008 (Tex. Crim. App. May 2006) reverse 232 S.W3d 66, 2007 (Tex. Crim. App. May 9, 2007).

an attempt to chill his opportunity to exercise his constitutional rights. The respondent only playing the devil advocate which shown of the scintillate of evidence that they never reach the threshold of the "some evidence", that is required by the United State Supreme Court in <u>Superintendent v. Hill</u> which is required in an Disciplinary Hearing. They only devise their own conclusion "Officer Report", which if this court will scrutinized the disciplinary infraction thats attach and analyzed the exhibits, then it will identify that these was no evidence that was employed that petitioner has omitted such rule violation.

The petitioner is asking this Honorable Court to reverse petitioner disciplinary infraction of no evidence, because the respondent has never reach the element of "some evidence" and beside accordingly the petitioner has never announce, describe or even worded any "threat" in his letter as they alleged or has meet the element of Code 04.0. Therefurth petitioner case should be dismiss.

## Ground Two

Petitioner is being retaliate against his opportunity to utilized the mechanism the grievance if how she abuse her authority of denying his photos, then proceed to filed an false disciplinary infraction.

Here petitioner contain that he was being retaliate against because he has utilized the mechanism of the grievance. Petitioner employed that he was reviewing photos from different companies and the mail room Ass. Supervisor took the liberty of refusing photos which there was no rules, policies or any mechanism that would authorized her to refuse such photos. Petitioner then took the liberty to filed an grievance announcing of the abuse of her authority. The Petitioner contain that the grievance was file approx 72 days before the "case" was even employed against petitioner.

The petitioner contain that under several policies and nenmurus Court cases has demonstrate abundance of evidence that his constitutional rights

---

N7. *Grievance No. 2021048390 Step I filed 12-19-20; Step II 2-18-21
N8. See policies B.P.03.81 and B.P.03.91 Exhibit IV and attach
N9. See Spicer v. Collins 9F Supp 2d 673 (E.D. Tex 1998)(retaliate against inmates): Woods v. Smith 60 F3d 1161 (5th Cir 1995)(same); Gibb v. King 779 F2d 1040.1046 (5th Cir 1986)(same); Morris v. Powell 449 F3d 682.685 (5th Cir 2006)(same); Crawford El v. Britton 320 U.S. App D.C. 93 F3d 813.826 (1996)(First Amendment); Greenholtz v. Inmate of Neb. Pen. 2 Corr. Complex 442 U.S 17 (1979)(Due Process); Morrissey v Brewer 408 US 471 (1972)(Due Process); Wolff v. Donnell 418 U.S 539 (1974)(same); and Mechum v. Fano 427 US 215 (1976); Kentucky Dept of Corr. v. Thompson 490 U.S 484 (1989)(Fourteenth Amend); Washington v. Harper 494 US 210 (1990); Vitek v. Jones 445 U.S 480 (1980)(same)

EXHIBIT IV

August 21, 2019

## Policy..... B.P. 03.81

<u>Policy in part</u>

..... Officers, employees or agents of the TDCJ shall not interfer with harass, punish or otherwise penalized any offender as a results of participated in litigation either as a party or a witness or for filing or threaten to filed a lawsuits, grievance, appeal or other wise complaint about prison condition or officials misconduct or for discussing with others or writting in accordance with TDCJ Rules and regulations to other about or potential legal action or other forms of grievance and complaint

Please note:

   This policy speech the mandatory language "SHALL" which under the Tex Gov't Code Ann § 311.016 (2)" impose a duty.

   Under the United State Supreme Court case Hewitt v. Helms 459 US 460. 70 L.Ed 2d 675. 103 S.Ct 864.869 (1983). It too used language of an unmistakable character reassuring that certain procedure "shall".will"."must" be employed. see n6 supra

Policy.... B.P. 03.91

<u>Policy</u>

Every offender shall has the right of access to state and federal court. Officers, employees or agents of TDC shall not interfer with harass, punish or other wise penalized any offender as a result or participation in litigation: either as an party or a witness or for filing or threaten to filed a lawsuite or official misconduct or for discussing with others or writing in accordance with agency rules and regulations to others about actual or potential legal action or other form of grievance and complaint.

Please note:

This policy also emphasis the same character and same language as the other. There is nothing that is discretion in nature nor undisputed that require that employees can over look or even avoid. The employees of this agency has the obligation to investigate, familiarized their ability harmonize their actions according to guidelines that is available to them.

has been denied, abanded and even further playing lip service. See Garcie v. State 182 S.W.2d.3d 40 (Tex. App [4th Dist] San. Antuno 2005).

Even while petitioner was haul into disciplinary hearing upon trump accusation that never had existed. Petitioner was found guilty of only on the "officer report" with no evidence to substantial his guilt. Even the court in Chavis v. Rowe 643 F.2d 1287-87 the court reject it as inadequate "We recognize and consider the resident's [] statement however [] we accept the officer charge." Thereforth it has greatly demonstrated that the respondent has shown prejudical, bias and discriminate against petitioner cause he is incarcerated in the system. The petitioner point out that there is nerumuos court cases that will articulate that prison officials may not retaliate against prisoner for utilizing the grievance of reddress government of their rights. See Gibbs v. King 779 Fad 1040, 1046 (5th Cir 1986) (citing Ruiz v. Estelle 679 Fad 1115, 1153 (5th Cir); Spicer v. Collins 9 F. Supped 673 (E.D. Tex 1998); Wood v. Smith 60 F3d 1161, 1166 (5th Cir 1995).

Even the petitioner has shown that the respondent has violated their own administrative regulations and did not meet the minimumm due process as set forth in Wolff v. Mc Donnell 418 U.S 539, 94 S.Ct 2963, 41 L.Ed.2d 935 (1974). also see Superintendent Mass. Corr. Inst. v. Hill 472 U.S 445, 454-55, 105 S.Ct 2768, 86 L.Ed.2d 356 (1985).

Even the petitioner also articulate that when the Supere Court of the United State render a decission on prison proceeding, as it did with Wolff and Hill, then those involved in the conduct of such proceeding have the constitutional obligation and duty to investigate and familiarizes theirselves with Court pronouncements. It is evident also that the respondent has also hinteted their own obligation of their own rule and proceed to utilized their own terminology and self grafication to proceed to follow TDC tradition to find inmates guilty of no evidence only upon the officer report.

Even the evidence that is shown will provide abundance of scimitllate evidence that petitioner constitutional rights were never adequate employed to insure the full guarantee of constitutional magnitude that petitioner still holds.

Even petitioner points to Olin v. Wakine Kona 461 U.S 238, 75 L.Ed.2d 813, 103 S.Ct 1741, 1748 (1983) (quoting Wolff v. Mc Donnell state "[A] prisoner is not wholly stripped of constitutional protection when he is imprison for crime. There is no iron curtain draw between the Constitution and prison of this contry.

N 10. PD 22 rule *20 Violation of Statutory Authority. Court Order. Rules. Regulations ur Policies also see rule *10 Falsification of Records and Rule *23 Mistreatment of Offenders

There forth petitioner has shown the abundance of scintillate evidence that this infraction was employed in retaliate cause petitioner has utilized his constitutional right to use the grievance procedure as required. Here again petitioner is asking this Honorable Court to dismiss petitioner case, cause of the adversarial complex of the case that respondent promoted. The petitioner contain that he is entitle to habeas corpus relief.

## Conclusion

The petitioner points out of the conclusion of this Memorandum that there is abundance of evidence that the respondent has never elected, promoted, applied or regulate the mechanism of any disciplinary infraction of what mandated by the United State Supreme Court of Wolff v. Mc Donnell supra and Super intendent v. Hill supra. The respondent are post to investigate and to familiarize theirselves with court mandates concerning disciplinary proceeding. The petitioner also point out that these was no evidence to characterized any rule violation that would promote such infraction. The conclusion of petitioner memorandum is that petitioner is entitle still to habeas corpus relief. See Teague v. Quarterman 482 F3d 769 (5th Cir 2007).

## Prayer / RELIEF

The petitioner prays that this Honorable Court will take under great consideration of the proper dance of evidence that has been presented to this court to evaluate that petitioner disciplinary infraction that was impose upon him doe not even characterized of any rule violation of Code 04.0 The petitioner also prays that this Honorable Court will examine the evidence that petitioner infraction was impose upon him, cause he took the liberty of ~~execute~~ execute his constitutional rights and even policies and rules given his protection of being retaliate against. The petitioner also prays that he will be restore back to his position that he was original postion before this infraction was ever develope. The petitioner also prays that this Honorable Court will grant all the relief that petitioner is entitle to.

## Unsworn Declaration

I Mark Lythe Bell do hereby certified that under the penalty of perjury thall all the foregoing is true and correct pursuant to 28 USC §1746

Executed On
_1 / 22/ 2022_

Mark Lyle Bell # 1784439
Barry Telford Unit
3899 State Huy 98
New Boston, Texas 75570

## Certification of Service

I Mark Lyle Bell hereby certified that a true and copy of the forgoing Memorandum In Support with attach exhibits was sent to:

United States District Court
Western District of Texas
800 Franklin Ave
Waco, Texas 76701

By depositing same in the Postal OFFICE. the petitioner 2254 and Memorandum is consider filed by handed it to prison officials to be mail. See Huston v Lack 487 US 266 (1988).

Executed On:
_1 / 22 / 22_

Mark Lyle Bell # 1784439
Barry Telford Unit
3899 State Huy 98
New Boston, Texas
75570

Texas Department of Criminal Justice

**STEP 1**

**OFFENDER GRIEVANCE FORM**

**OFFICE USE ONLY**

Grievance #: 2021080927

Date Received: 3-9-21

Date Due: 4-8-21

Grievance Code: 410

Investigator ID #: IC387

Extension Date: 5/8

Date Retd to Offender: JUL 0 6 2021

Offender Name: Mark Lyle Dell    TDCJ # 1784439

Unit: Hughes    Housing Assignment: FG-27-B

Unit where incident occurred: Hughes 12B-02     JUL 3 0 2021

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? — Appeal — (Administrative) When?

What was their response?

What action was taken? — Original Copy —

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I wish to appeal Case No# 20210124446 and Case No# 20210124453, — due to Ms. A. Gerten's Allegation. There is No Merrit — due to the Protections of my First Amendment Rights — I have the Right to expression and Free Speech — eventhough each one of us have our own Presumptions of have to accept, a meaning isn't always Correct. What I write may Consist of an entirely different meaning. When I wrote these letters I was refering to my 1983 Civil suit, the effect it will have. — you tell me when I wrote this meaning Ms. A. Gerten Cannot possibly read my thoughts — my remarks werent directed towards any specific individual(s). Now I accuse Ms. A. Gerten of Retaliation — and harassment because I wrote up the Hughes unit Mailroom — by Ms. A. Gerten's actions. This speaks for its self. — Four cases in one week, you tell me? These two letters do not say nothing about bodily harm — where is this in my remarks? heres my remark, not directed to Ms. A. Gerten — "Those who believe they have power" are blind to those with Real power to remove them from life itself (Liberty and happiness) I only know of two that Carries that power. God. and the Courts, now unfortunely I was referring to the Courts. yes maybe my wording was poorly indicated, I never said I was good at Grammer. — But due to my litigation — Nobody spoke to me Concerning this. — everyone has their own preception on how to view it. — now my 1983 Lawsuit I'm filing against the Telford unit as well as Beto

I-127 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix F

Concerning stolen property, again my Direct Threat of Bodily Harm mentioned I fight my cases in Court now - learned a long time ago. — "I in this Remark: GET Even and that The mailroom staff had more to lose. — is Ms. A. Gerten saying also that it was her "getting Even" and I had more to lose? this does not pertain to the Hughes unit mailroom staff, but to at Beto. through again my litigation of a 1983 Civil suit, again wheres this infliction of harm? — You mean to tell me, I cant speak my mind freely. No harm has Come. — only the act of Retaliation by Ms. A. Gerten. sticks and stones - may break my bones but words will never harm me.

**Action Requested to resolve your Complaint.** due to Ms. A. Gerten's over Zealous efforts to bring harm to me - I request to please reverse these Decisions.

**Offender Signature:** Mark Lyle Beel        **Date:** 3-4-21

**Grievance Response:**                                                        Thank you.

Your grievance has been reviewed and investigated. Disciplinary Case #20210124446 was reviewed. There was a preponderance of evidence to support a guilty finding. The punishment was imposed accordingly. There were no procedural errors. The case will stand. You are being provided a copy of How to Write and Submit Grievances. Per policy only one issue per grievance will be addressed. No further action warranted from this office.

Warden B- Austry

**Signature Authority:** B          **Date:** 7-5-21

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**     *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language.
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission          UGI Initials ____

Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

**2nd Submission**          UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

**3rd Submission**          UGI Initials: _____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

Appendix F



**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

OFFICE USE ONLY

Grievance #: 2021080927

UGI Recd Date: 8/3/21

HQ Recd Date: AUG 0 6 2021

Date Due: 9·2·21

Grievance Code: 410

Investigator ID#: I2448

Extension Date: 12·2

Offender Name: Mark Lyle Bell   TDCJ # 1784439

Unit: Barry Telford   Housing Assignment: 12-B-51 2

Unit where incident occurred: Floor B Hughes

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**   *I am dissatisfied with the response at Step 1 because...*

Us is obviously, extremely shews of disfunctional, ignments, and incompetent of all parties that has conspire in an conspiratoral manner to hold concet to lie, fabericate, to fraudulent to violate my due process of my liberty interest. These individual trying to limit me of my first Amendment by violate their own rules PD.22 rule 10, 23, 41 also see BP.03.81 p 16f 17; BP 03.91 and Ed 03.81 p 18f 14 also included §39.09 (a)(1,2)(b)(d)(i); §39.10 (a)(1-5); Tex. Pen. Code §39.0 (A)(1,2); §39.03 (A)(1,2);(b) also see 39.09 (A)(i). These individual has held concet to deprive me, and to dehummize me by subject me to their own agenda of violation of laws. These individuals has misinterperlated and mischaracterized rules, policies, that govern any rule infraction that could projected that there was any infraction, was applicable. Even the evidence is overwhelming of their violation of procedural default see Hill supra quoting Wolff "no evidence, and no due process" was ever employeed to re-ach any substanial goal of their theory. There theory only drive upon assumptions and presumptions that is only used by passing by. Yall claim of the preponderance of evidence, in which there is at no time was there any evidence was ever arteculated in Step 1, cause remember this, the disciplinary case that I held, and the letters that yall got is evidentiary against yall, cause of yall ignorante, and stupidness of not deliever my liberty interest of due process But I will deliever yall a copy of my suits against yall employing of the ignorante, and disfunctional of yall ability to produce yall job.

So the question or cause again "Who is going to protect yall in court when the evidence will be employeed against yall?

There is merite to overturn this case.

I-128 Front (Revised 11-2010)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Appendix G

Offender Signature: _____    Date: August 2, 2021

**Grievance Response:**

A review of Major disciplinary case #20210124445 has been completed. There was sufficient evidence presented to sustain the 04.0 charge and the finding of guilt. Records indicate that the hearing was conducted per policy and there were no due process or procedural errors noted. The punishment was within Agency guidelines for this offense. No further action warranted by this office.

H. M. Pederson

SEP 2 5 2021

Signature Authority: _____    Date: _____

Returned because:    *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

CGO Staff Signature: _____

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | CGO Initials: _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened    ____ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| 2nd Submission | CGO Initials: _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened    ____ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| 3rd Submission | CGO Initials: _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ____ Screened    ____ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |

I-128 Back (Revised 11-2010)                                    Appendix G

**CERTIFIED MAIL**

Telford unit
3899 State Hwy 98
New Boston, TX
75570

7020 0640 0001 3603 75

UNITED STATES
POSTAL SERVICE

1000

76701

Legal
Documents